IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LUIS ENRIQUE MARTINELLI LINARES | CASE NUMBER 20-M-498<br><br>**AFFIDAVIT IN SUPPORT OF<br>REQUEST FOR EXTRADITION** |

I, Michael Lewandowski, being duly sworn, depose and state:

1. I reside in the United States of America.

2. Since 2010, I have been employed as a Special Agent of the Federal Bureau of Investigation ("FBI").

3. The FBI is responsible for the enforcement of federal laws, including those related to corruption and money laundering. As an FBI Special Agent, I have received training and conducted or assisted in numerous investigations of conspiracy, corruption, and money laundering. I have debriefed numerous defendants, informants, and witnesses with personal knowledge regarding conspiracy, corruption, and money laundering. Additionally, I have participated in many aspects of investigations including analysis of financial and communications records, undercover operations, surveillance, and arrests. The investigations in which I have participated have been related to the unlawful payment and provision of other things of value to public officials, fraud, organized crime, and money laundering, among other things.

4. Based on my training, personal experience, and participation in criminal investigations, I have become familiar with the methods and techniques used by individuals engaged in

        money laundering, including techniques to conceal the nature, source, and ownership of criminal proceeds; the use of offshore corporate entities to hold bank accounts; the use of false beneficial owners for bank accounts; the use of false contracts and invoices to bypass anti-money laundering protections; and the layering of transactions among bank accounts held in various foreign jurisdictions.

5. I am one of the agents assigned to this case, which involves an investigation of the criminal conduct, including conspiracy and money laundering, of LUIS ENRIQUE MARTINELLI LINARES and others.   I am familiar with the charges and the evidence in the case against LUIS ENRIQUE MARTINELLI LINARES.   The evidence includes information obtained from witnesses, as well as bank records, corporation ownership documents, emails, and other evidence.

6. The facts of this affidavit are based upon my first-hand knowledge, conversations I have had with other law enforcement officers involved in this investigation and with cooperating witnesses, as well as my review of the documentary and physical evidence. The following is merely a summary of the evidence obtained during this investigation and does not reflect my entire knowledge of the investigation.   In addition, the evidence discussed in this affidavit does not represent all of the evidence collected during the investigation.

## SUMMARY OF THE EVIDENCE

7. Law enforcement authorities have been conducting an investigation into Odebrecht S.A. ("Odebrecht"), a Brazilian company operating in at least 27 countries in industries including engineering, construction, infrastructure, energy, chemicals, utilities and real

2

       estate. The investigation relates to a massive bribery and money laundering scheme by Odebrecht and others, including LUIS ENRIQUE MARTINELLI LINARES, to pay bribes to public officials and public servants in several countries and to launder the proceeds of the bribery scheme.

8. The investigation identified LUIS ENRIQUE MARTINELLI LINARES as an intermediary who accepted and laundered bribe payments from Odebrecht on behalf of "Panama Government Official," a high-ranking government official in Panama from approximately 2009 until approximately 2014. Panama Government Official was a close relative of LUIS ENRIQUE MARTINELLI LINARES.

9. During the course of the investigation, I met with LUIS ENRIQUE MARTINELLI LINARES in person on several occasions.

10. On December 21, 2016, Odebrecht, through its representatives, pleaded guilty in New York and admitted that, between 2001 and 2016, approximately, Odebrecht, through certain of its employees and agents, and together with other co-conspirators, engaged in a massive bribery scheme in which the co-conspirators agreed with others to corruptly pay over USD $700 million in bribes to, and for the benefit of, public servants, public officials, political parties, political party officials, and political candidates to obtain and retain business and to gain an advantage and benefit from the public servants and foreign officials in various countries around the world, including public officials and public servants in Panama. Odebrecht's bribery scheme included corrupt payments and the provision of other things of value.

3

11. Odebrecht admitted, and the investigation has identified evidence demonstrating, that Odebrecht concealed the nature, source, ownership and control of the proceeds of the bribery scheme by funneling the proceeds of the scheme through offshore shell company bank accounts to the ultimate beneficiaries of the bribes and their representatives.

12. Odebrecht admitted, and the investigation has identified evidence demonstrating, that Odebrecht, together with certain of its employees and agents, caused wire transfers to be made from Odebrecht-related bank accounts to offshore shell company bank accounts controlled by Odebrecht, including through New York-based accounts. Funds intended for the illegal bribe payments were then transferred through multiple offshore shell company bank accounts throughout the world, including through New York-based accounts, before reaching the final bribe recipients.

13. Records and information provided by Odebrecht and obtained through the course of the investigation show that Odebrecht used an agent in the United States to purchase offshore shell companies for Odebrecht, to send and receive documents to facilitate the establishment of offshore bank accounts in the name of offshore shell companies for Odebrecht. Odebrecht also used this agent in the United States to send and receive documents, certain of which contained false and fraudulent information, to cause financial transactions to be conducted from offshore shell company bank accounts, including financial transactions that utilized U.S. correspondent bank accounts.

14. Between approximately August 2009 and July 2014, LUIS ENRIQUE MARTINELLI LINARES and his brother, Ricardo Alberto Martinelli Linares, together with others, participated in the Odebrecht bribery scheme by, among other things, serving as

intermediaries for corrupt payments and the provision of other things of value that Odebrecht offered and provided to Panama Government Official. Financial records obtained during the course of the investigation revealed that, among other things, LUIS ENRIQUE MARTINELLI LINARES and Ricardo Alberto Martinelli Linares established offshore bank accounts in the names of offshore shell companies to receive and disguise bribe payments from Odebrecht made for the benefit of Panama Government Official.

15. Evidence obtained through the investigation, including emails, bank and other financial records, shows that, from approximately August 2009 to September 2015, LUIS ENRIQUE MARTINELLI LINARES and Ricardo Alberto Martinelli Linares, together with others, took a number of steps to open and manage secret bank accounts held in the names of shell companies in foreign jurisdictions, which were used to receive, further transfer and deliver bribe payments that Odebrecht made and caused to be made for the benefit of the Panama Government Official. Specifically, LUIS ENRIQUE MARTINELLI LINARES and Ricardo Alberto Martinelli Linares established shell companies in foreign jurisdictions; served as the signatories on certain of the shell company bank accounts; and personally sent and caused to be sent wire transfers through the structure of shell company bank accounts to conceal and spend bribery proceeds.

16. Emails, bank and other financial records revealed that, between approximately 2009 and 2012, LUIS ENRIQUE MARTINELLI LINARES and Ricardo Alberto Martinelli Linares opened bank accounts in Switzerland for the purpose of receiving, further transferring, and delivering bribe payments from Odebrecht for the benefit of the Panama

Government Official in the name of several offshore companies (the "Offshore Company Accounts").

17. The purpose of opening and operating the Offshore Company Accounts was to promote, assist, facilitate, conceal, and serve as intermediaries for Odebrecht's payment of bribes for the benefit of the Panama Government Official so that Odebrecht could obtain an improper business advantage and gain and retain business in Panama by causing the Panama Government Official to perform acts proper to his/her position in his/her official capacity and in violation of his/her obligations.

18. In total, between approximately 2009 and 2012, the Offshore Company Accounts received approximately USD $28 million in bribe proceeds from Odebrecht for the benefit of the Panama Government Official, as revealed by financial records and other evidence gathered during the course of the investigation. At least approximately USD $19 million of those bribe proceeds were transferred through U.S. correspondent bank accounts, including banks in New York, New York, into the Offshore Company Accounts.

19. For example, financial records show that on approximately July 27, 2010, a wire transfer of approximately USD $350,000.00 was transferred from an offshore shell company bank account controlled by Odebrecht and located in Portugal to one of the Offshore Company Accounts controlled by LUIS ENRIQUE MARTINELLI LINARES and Ricardo Alberto Martinelli Linares, through an account at a bank in New York, New York.

20. LUIS ENRIQUE MARTINELLI LINARES and Ricardo Alberto Martinelli Linares later conducted numerous additional financial transactions through U.S. banks, some of which

were located in New York, New York, involving the proceeds of bribe payments from Odebrecht.

21. Financial records show that, on approximately February 11, 2013, LUIS ENRIQUE MARTINELLI LINARES caused the transfer of approximately USD $346,500.00 from one of the Offshore Company Accounts, through an account at a bank in New York, New York, to another account in the United States. Records obtained from a yacht broker in New York show that this transfer was a partial payment for the purchase of a yacht.

22. Financial records show that, on approximately November 12, 2013, LUIS ENRIQUE MARTINELLI LINARES and Ricardo Alberto Martinelli Linares caused the transfer of approximately USD $899,978.32 from one of the Offshore Company Accounts to another of the Offshore Company Accounts through accounts at a bank in New York, New York.

23. Financial records show that, on approximately December 10, 2013, LUIS ENRIQUE MARTINELLI LINARES and Ricardo Alberto Martinelli Linares caused the transfer of approximately USD $30,887.21 from one of the Offshore Company Accounts to another of the Offshore Company Accounts through accounts at a bank in New York, New York.

24. Financial records show that, on approximately August 26, 2015, LUIS ENRIQUE MARTINELLI LINARES caused the transfer of approximately USD $570,000.00 from one of the Offshore Company Accounts through an account at a bank in New York, New York, to another account in the United States. Title transaction records show that this transfer was a partial payment for the purchase of a condominium in Miami by a Florida corporation on behalf of LUIS ENRIQUE MARTINELLI LINARES.

## IDENTIFICATION

25. LUIS ENRIQUE MARTINELLI LINARES is a citizen of Panama and Italy, born on December 16, 1981, in Panama. He is described as a Hispanic male, standing approximately 5 feet 9 inches tall, weighing approximately 172 pounds, with black hair and brown eyes. Attached to my affidavit as **Attachment D-1** is a photograph of LUIS ENRIQUE MARTINELLI LINARES. I have identified this photograph through my personal knowledge and experience, having met with him several times, as being that of LUIS ENRIQUE MARTINELLI LINARES, the individual involved in the criminal conduct, including conspiracy and money laundering, described above.

Michael Lewandowski
Special Agent
Federal Bureau of Investigation
United States Department of Justice

SWORN TO AND SUBSCRIBED BEFORE ME
THIS 27th DAY OF JULY, 2020.



HONORABLE ROBERT M. LEVY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK